SAYRE, JUDGE:
Claimant brought this action for personal injuries which occurred when the vehicle in which he was a passenger struck another vehicle as he and his wife were traveling northbound on Route 35 near Pliny, Putnam County. Route 35 is a road maintained by respondent. The Court is of the opinion to deny the claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 5:56 a.m. on July 20,2000. Route 35 is a two-lane highway at the area of the incident involved in this claim. Claimant testified that on the date of the incident, his wife, Jessica Moles, was driving the claimant’s 2000 Chevrolet Impala northbound on Route 35. Mr. Moles stated that he was awake in the passenger seat when a vehicle was driven onto Route 35 from a driveway on the right side of the road. He stated that he had not seen the other vehicle prior to observing it as it was driven onto Route 35 in front of their vehicle. Claimant’s vehicle struck the other vehicle. After the accident, Mr. Moles had his wife back their vehicle off the road and into the driveway from whence the other vehicle had come. Claimant stated that he then looked to the south along Route 35 and noticed weeds that were above the guardrail, blocking the view of northbound traffic. Mr. Moles testified that his face had struck the windshield of his vehicle when his seatbelt did not hold during the accident. He lost several teeth, he continues to suffer from headaches, and he continues to experience neck pains as a result of this accident. He further stated that he could not return to work for six months as a result of this accident. Claimant alleges $25,246.79 in damages as a result of this accident.
Claimant contends that the proximate cause of the accident herein was the fact that respondent had allowed the weeds on the area of the berm of Route 35 to grow above the guardrail creating an obstruction of the highway right of way and obscuring the vision of the driver emerging from this particular driveway along Route 35, and thus resulting in the accident involved in this claim. Dixie Martin, the driver of the other vehicle involved in the July 20,2000, incident involved in this claim, testified at the hearing of this matter. Ms. Martin testified that on the morning of the incident, she was leaving her home to drive to work. She stated that as she drove to the end of her driveway, approaching Route 35, she looked to see whether there was any traffic. Ms. Martin stated that she saw a tractor trailer approaching from the north and that as her vehicle came to the edge of the road she noticed the headlights of the Moles’ vehicle. She testified that the Moles vehicle appeared to be far enough away that she had plenty of time to make a left turn into the southbound lane on Route 35. Ms. Martin further testified that she had made the turn onto Route 35 when claimant’s vehicle crossed the center line and struck her vehicle. Ms. Martin stated that there were weeds behind the guardrail on the south side of her driveway that had grown two to three feet above the guardrail. She testified that when the weeds are trimmed, she did not have to pull to the edge of the highway to see the northbound traffic. Ms. Martin stated that there was some distance between the guardrail and the edge of the pavement. However, she further stated that even with the weeds as high as they were, she had seen the Moles vehicle prior to driving her vehicle onto Route 35 and she thought that she had enough time to drive onto Route 35 to proceed southbound.
*141 The position of the respondent is that it did not have actual or constructive notice of the condition on Route 35 at the site of claimant’s accident for the date in question. Gary Stanley, Administrator for respondent in Putnam County, testified that he was not aware of any complaints regarding brush or weeks at the location of claimant’s incident prior to the incident. Mr. Stanley stated that respondent does have mowers for brush and grass that are used along highways that respondent maintains. He also stated that there is a mower that is used to cut brush and mow behind guardrails. Mr. Stanley stated that his crews attempt to cut grass and bmsh along Route 35 about every two months, according to how fast it grows. He stated that on May 1, 10, and 11, 2000, and My 11, 12, 14, 17, and 20, 2000, crews for respondent were mowing grass along Route 35. Mr. Stanley testified, however, that there was no way for him to know which part of Route 35 was being mowed on any given day. Mr. Martin further testified that at the site of claimant’s incident there is approximately eight and a half to nine feet between the guardrail and the edge of the roadway.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had no notice of the condition on Route 35 with respect to overgrown weeds on the berm at the scene of the accident herein. Further, while Ms. Martin testified that the weeds were above the guardrail south of her driveway, she stated that she saw claimant’s vehicle prior to driving onto Route 35 to make a left turn with oncoming traffic. Consequently, the Court is of the opinion that the weeds were not the proximate cause of this accident but that the offending driver proceeded onto Route 35 without regard to oncoming vehicles. Therefore, the Court concludes that there is no evidence of negligence on the part of the respondent upon which to base an award.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.